# MITCHELL v. ALLIS-CHALMERS MFG. CO.
## (No. 905-4663.)

(Commission of Appeals of Texas, Section A. March 2, 1927.)

**1. Abatement and revival  &#9096;80—Abatement of second suit is waived, unless pendency of prior suit in another jurisdiction is properly pleaded.**

Pendency of prior suit in another jurisdiction does not automatically deprive court of jurisdiction of second suit involving same parties and subject-matter, and abatement thereof is waived, unless pendency of first suit is properly pleaded.

**2. Abatement and revival  &#9096;4—Party may be estopped to urge abatement of suit by pendency of prior suit.**

Party may become estopped to urge abatement of suit by pendency of prior suit in another jurisdiction, if sufficient grounds are shown.

**3. Abatement and revival  &#9096;4—Defendant, fraudulently inducing postponement of suit with intent to forestall it by bringing another suit in different county, is estopped to assert pendency thereof, as ground for abatement.**

One, fraudulently inducing another to postpone filing of suit against former in court in which latter has right to bring it, with intent to take advantage of delay to forestall suit by filing another suit in different county, is es-

topped to assert pendency of suit so filed, as ground for abatement of postponed suit, and court in which latter suit is subsequently brought takes and holds dominant jurisdiction over parties and subject-matter.

**4. Abatement and revival  &#9096;4 — Defendant, fraudulently requesting plaintiff to postpone suit on notes pending consideration of settlement propositions, held estopped to set up pendency of his suit to cancel notes.**

Defendant, undertaking to defraud plaintiff of right to sue in county of its domicile on notes payable therein by fraudulent request to withhold filing thereof until he could determine which of two propositions of settlement to accept, *held* estopped to set up pendency of suit thereafter filed by him in another jurisdiction to cancel notes.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by the Allis-Chalmers Manufacturing Company against Joe Mitchell. A judgment of dismissal was reversed, and the cause remanded by the Court of Civil Appeals (283 S. W. 560), and defendant brings error. Affirmed.

Carl Gilliland, of Hereford, and Paul A. Speer, of Amarillo, for plaintiff in error.

Reeder & Reeder, of Amarillo, for defendant in error.

HARVEY, P. J. This suit was filed in the district court of Potter county by the defendant in error, Allis-Chalmers Manufacturing Company, whose office and place of business is in Potter county, against the plaintiff in error, Joe Mitchell, who resides in Castro county, to recover on two series of promissory notes executed by the latter, and for foreclosure of certain chattel mortgages securing the payment of same. The plaintiff in error interposed a plea in abatement of the suit on the ground that two prior suits brought by him against the defendant in error seeking to cancel said two series of notes and the chattel mortgages securing same were pending in the district court of Castro county. Each of said promissory notes, according to its terms, was payable in Amarillo, Potter county, Tex., and all had matured and remained unpaid. In answer to said plea in abatement the defendant in error set up the fraud of plaintiff in error hereinafter described, and prayed for general relief. The trial court, upon hearing the plea and answer thereto and the evidence, sustained the plea in abatement and ordered the case dismissed. The undisputed evidence shows, and the Court of Civil Appeals has found substantially, the following facts:

The notes in controversy were placed by the defendant in error in the hands of its attorney for the purpose of bringing suit thereon. The attorney, on July 27, 1925, had

prepared the necessary pleading for filing suit on the notes, and for foreclosure of the chattel mortgages, in the district court of Potter county, and would have filed such suit on that day but for the fraudulent statements and conduct of the plaintiff in error hereinafter stated. On July 27, 1925, before the attorney for defendant in error had actually filed suit on the notes in the district court of Potter county, as he intended to do on that day, the plaintiff in error came to the office of said attorney and told him that he, the plaintiff in error, wanted to avoid litigation and desired to know if the matter could not be adjusted without suit. The attorney submitted to the plaintiff in error two propositions of settlement, one of which was that plaintiff in error should turn back the tractors for the purchase money of which the notes in question were · executed—in which event his notes would be canceled and surrendered by the defendant in error; and the other proposition was that the plaintiff in error keep the tractors, make part payment on the notes, and the remaining balance to stand for future payment. The plaintiff in error requested that the filing of the suit be withheld ·until he could go to his farm in Castro county and have a mechanic to examine there the tractors in question for the purpose of enabling him to determine which of the two propositions to accept. He promised that when he had done this .he would return and further take up the matter of settlement with the attorney, for the purpose of adjusting the controversy without litigation, as he wanted to avoid litigation. The attorney granted his request. As a matter of fact the plaintiff in error had no intention of accepting either of said propositions, or of settling the matters in controversy without litigation. His said statements and promises so made to the attorney for defendant in error were false and fraudulent, and were intended by the plaintiff in error to deceive the said attorney and thereby induce him to delay the filing of said suit. The plaintiff in error's purpose in thus procuring delay in filing of such suit was to forestall same by filing suit in the district court of Castro county to cancel the notes. And said attorney was in fact deceived by such false and fraudulent promises and statements and was thereby induced to withhold the filing of the suit which he had prepared and otherwise would have filed on that day in the district court of Potter county. Upon thus fraudulently procuring delay of the defendant in error's suit, the plaintiff in error, in furtherance of his fraudulent designs, hurried to Castro county and had his attorney there to file suit in that county against the defendant in error seeking cancellation of the said notes and mortgages. These suits were filed by the plaintiff in error in the district court of Castro county on July 28, 1925, and the instant suit was filed by defendant in error in the district court of Potter county on July 29, 1925, after the plaintiff in error had learned of the filing of the Castro county suits. The pendency of these Castro county suits constitute the basis of the plaintiff in error's plea in abatement.

[1, 2] The fact that a prior suit is pending in another jurisdiction when a second suit involving the same parties and subject-matter is brought does not automatically deprive the court of jurisdiction of the second suit. Unless the pendency of the suit first filed is set up in the second suit by proper pleading, the abatement of the second suit is waived. Cleveland ' v. Ward (Tex. Sup.) 285 S. W. 1071, and authorities there cited. We think that, as a corollary of the rule that a party may waive the abatement of the second suit, he may become estopped from urging its abatement, if sufficient grounds are shown upon which to base an estoppel.

[3] If a proposed plaintiff contemplates bringing suit immediately in a given court in which he has the right to bring it, and the proposed defendant, knowing of such intention of the proposed plaintiff, fraudulently induces him to postpone the filing of his suit —the proposed defendant purposing at the time to take advantage of the delay thus fraudulently obtained to forestall the plaintiff's contemplated suit by another suit in different county—the plainest principles of equity and fair dealing require that such defendant be estopped from asserting, as ground for abatement, the pendency of the suit so filed by him in consummation of his fraud. In such a case, when the proposed plaintiff files his suit in the court in which he so contemplated bringing it, such court takes and holds the dominant jurisdiction over the parties and subject-matter of the suit, for the reason the defendant will not be permitted to defraud the plaintiff of the benefits of the full and unhampered jurisdiction of that court which, in good conscience, he is entitled to enjoy. ·

[4] In the instant suit the notes held by the Allis-Chalmers Company were payable in Potter county. In the absence of the pendency of a prior suit involving the same parties and subject-matter, instituted by the defendant, Mitchell, in another jurisdiction without deceit having. been practiced on the company for the purpose of defeating such right, the said company had the right to bring its suit on the notes in the district court of Potter county. The defendant, Mitchell, undertook to defraud the company of this right in the manner shown. He should not be permitted to avail himself of the fruits of his fraud.

We recommend that the judgment of ·the Court of Civil Appeals, reversing the judgment of the trial court and remanding the cause, be affirmed.

(291 S.W.)

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.