James C. DAY et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 11988.

Court of Civil Appeals of Texas, Austin.

Dec. 6, 1972.

Rehearing Denied Jan. 24, 1973.

John Gano, Jamail & Gano, Houston, for appellants.

Crawford C. Martin, Atty. Gen., John H. Banks, Asst. Atty. Gen., Austin, for appellee.

JOHN C. PHILLIPS, Chief Justice.

The State of Texas brought this suit against James C. Day, The Day Trust, Credit Factoring, Inc., James Wohlenaus, Shearn Moody, Empire Life Insurance Company of America, and W. L. Moody & Company, Bankers, Unincorporated.

The State's suit consisted of a proceeding in the nature of quo warranto seeking to cancel Empire Life Insurance Company's and Credit Factoring's Corporate Charters and Certificates of Authority on grounds of numerous violations of the law; it sought injunctions against all of the defendants restraining each of them from diverting funds from the corporate defendants and directing them to produce the records and assets of the corporate defendants; it sought an ancillary receivership of the appellants (defendants below) Empire Life and Credit Factoring on the ground, among others, that a delinquency proceeding had been commenced against Empire in its domiciliary state (Alabama). The petition further alleged that Credit Factoring is the wholly owned subsidiary and alter ego of Empire, that Credit Factoring is being employed by the appellants (defendants below) to loot the insurance company, and that a receivership, in order to be effective, must include both corporate defendants Empire Life and Credit Factoring.

On June 30, 1972, the Court entered its order which recites that all of the parties appeared by and through their attorneys of record and that the attorneys of record had "made known to the Court that they had agreed upon the entry of an order granting a temporary [prohibitory] injunction and continuing the appointment of a temporary receiver and temporary ancillary receiver" except that the appellants (defendants) declined to agree upon the entry of a temporary mandatory injunction as asked in the State's petition.

The order further recites that the Court heard evidence and argument upon this issue, and that after·hearing the evidence, the Court found that the agreement to continue the injunction and receivership should be approved and that the temporary mandatory injunction should be issued as "the Court finds that some of the records of Credit Factoring, Inc. have not been received by the receiver of this Court; and that the temporary mandatory relief hereinafter granted is necessary in order to enable the receiver of this Court to marshal the assets and to ascertain the liabilities of the defendant, Credit Factoring, Inc. and the defendant, Empire Life Insurance Company of America . . ."

Consequently, the principal question before this Court is whether the trial court abused its discretion in issuing the mandatory injunction. We hold that he did not and that his order granting the mandatory injunction should stand.

In Janus Films, Inc. v. City of Ft. Worth, 163 Tex. 616, 358 S.W.2d 589 (1962), the Supreme Court stated that the scope of review over the trial court granting or denying a temporary injunction is limited to the narrow question of whether

the trial court's action constitutes a "clear abuse of discretion." In the case at bar, the testimony discloses that the trial court was fully justified in concluding that by subtle and devious artifice, these appellants, especially the powers behind Empire Life and Credit Factoring, failed to produce certain records such as groups of checks for certain specific periods, certain general ledgers and records that might explain certain specific transactions. In spite of the protestations of appellants that all of the records were and would be made available to the State, the trial court was fully justified in concluding that the mandatory injunction was necessary for the State to complete its investigation.

■ We also find the terms of this injunction order, in the context of the record as a whole, not to be impermissibly vague under Rule 683, Texas Rules of Civil Procedure. In a situation of this nature involving the rights of the innocent policy holders of a quasi-public insurance company, it is of particular importance that the State's investigators be given the broadest authority the law will permit. While the terms of this order are admittedly quite broad, we find it to be sufficiently specific to put the appellants on notice of what is required of them.

Appellants' numerous points of error can be grouped into three main categories, viz: questions of jurisdiction of the court; objections to the order itself which we have discussed above; and objection to the denial of supersedeas.

With respect to jurisdiction of the court, appellants contend that because of a prior pending suit between the State and these appellants, involving the same subject matter, the court in the case at bar was without jurisdiction of this cause; that because of the prior pending administrative proceeding of the State Board of Insurance creating a state of supervision in that governmental organization over these appellants, the State had its prior unexhausted remedy at law; that the court had no jurisdiction over James C. Day or the Day Trust.

■ Appellants point concerning the prior suit (which incidentally was filed in the same court as the case at bar) must be overruled for two reasons. First, the suit now before us sought a mandatory injunction and a receivership, neither of which was sought in the first suit. Therefore the two suits lack the identity necessary to deprive the subsequent court of active jurisdiction. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1926; Holcombe v. Hanbury, 63 S.W.2d 735 (Tex.Civ.App.1933, no writ hist.). Secondly, the rule is that pendency of a prior suit between the same parties involving the same subject matter must be seasonably pleaded by plea in abatement. In the absence of such pleading, the objection is waived. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1926; Mitchell v. Allis Chalmers Mfg. Co., 291 S.W. 1099 (Tex.Comm.App.1927, adopted). In addition, Rule 93, Texas Rules of Civil Procedure, which requires verification of certain pleas, including this plea in abatement, T.R.C.P. 93(d) has not been complied with.

■ With respect to the prior administrative proceeding as a prior "unexhausted remedy at law" under Section 13 of Article 21.28 of the Texas Insurance Code, V.A. T.S., The Commissioner of Insurance is authorized to seek the appointment of the State Liquidator as ancillary receiver of an insurance company domiciled in another state whenever a domiciliary receiver is appointed in such state. The evidence before us discloses that a domiciliary receiver has been appointed with respect to Empire Life in the State of Alabama. The last sentence in Section 1 of Article 21.28–A, Texas Insurance Code, authorizes the Commissioner of Insurance at "any time" during the pendency of a supervision or conservatorship order, to seek "receivership and liquidation."

■■ Independent of the specific statutory authorization of the action taken by the Commissioner of Insurance, the Attorney General is authorized and required by Article IV, Section 22 of the Texas Constitution, Vernon's Ann.St., to "take such action in the Courts as may be proper and necessary to prevent any private corporation from exercising any power . . . not authorized by law . . .", and Article 6253, Vernon's Ann.Civ.St., to institute forfeiture proceedings whenever "sufficient cause" exists. The Attorney General is authorized to act independently of any certification from the Commissioner of Insurance in the pursuit of his constitutional and statutory duty. John L. Hammond Life Insurance Co. v. State, 299 S.W.2d 163 (Tex.Civ.App.1957, err. ref. n. r. e.); State v. Teacher's Annuity Life Insurance Co., 149 S.W.2d 318 (Tex.Civ. App.1941, err. ref.). These additional powers of the Attorney General also answer appellants' point that the order granting leave to file the State's petition in quo warranto was not timely signed and filed. The State contends that the discrepancy was due to inadvertency. Be that as it may, we hold that the court had the authority under the pleadings and proof to enter the order before us.

■■ We must, however, sustain appellants' points relative to the jurisdiction of the court over James C. Day and the Day Trust, and hold that the judgment against James C. Day and the Day Trust be vacated. It is uncontroverted that these two defendants were not served with process. This fact was called to the attention of the court and the court acknowledged the fact that these parties were not before it. Nevertheless, the court included these parties in its order which contained a recitation that Day and the Day Trust had appeared and which was approved "as to form" by the attorney for Day and the Day Trust. The general rule, of course, is that where a judgment recites that a particular party appeared, such recital is presumed true. Yturri v. McLeod, 29 Tex. 84 (1861); Southwest National Bank of Dallas v. Cates, 262 S.W. 569 (Tex.Civ.App. 1924, no writ hist.); Allstate Insurance Co. v. Universal Underwriters Insurance Co., 439 S.W.2d 385 (Tex.Civ.App.1969, no writ hist.). However, the presumption established by this rule is subject to rebuttal, and was here rebutted by evidence appearing in the record wherein the trial court stated that none of the testimony or rulings would apply to these two defendants and that those defendants who had not been served would be excused from the order. It seems elementary that an attorney can appear for one or more of his clients while at the same time not appearing for others who were not cited. This is what was done here and it is difficult to imagine how the attorney for Day and the Day Trust could have been more vigilant in keeping his unserved clients out of court.

■ We also hold that the trial court did not abuse its discretion in denying appellants supersedeas. Rule 385(d), Texas Rules of Civil Procedure; Wesware, Inc. v. Blackwell, 486 S.W.2d 599, Tex.Civ. App. Austin, decided October 25, 1972; Ralph Williams Gulfgate Chrysler—Plymouth, Inc. v. State, 449 S.W.2d 139 (Tex. Civ.App.1969, no writ hist.).

The trial court did not abuse its discretion in entering its order against appellants and as modified above, the judgment of the trial court is in all things affirmed.

Judgment of trial court is affirmed in part and vacated in part.

Affirmed in part and vacated in part.