**Roger H. STONER, Appellant,**

v.

**Joe Glenn THOMPSON et al., Appellees.**

No. 5854.

Court of Civil Appeals of Texas, Waco.

Aug. 24, 1978.

Rehearing Denied Sept. 14, 1978.

Patrick J. Horkin, Jr., Horkin & Horkin, Corpus Christi, for appellant.

Hall E. Timanus, Andrews, Kurth, Campbell & Jones, William E. Matthews, Sewell, Junell & Riggs, David J. Beck & Simeon T. Lake, III, Fulbright & Jaworski, Houston, for appellees.

## OPINION

JAMES, Justice.

This is an appeal from a judgment against Appellant Roger H. Stoner, same including a declaratory judgment, a permanent injunction, and a judgment for damages. We affirm the trial court's judgment.

At all times material to this controversy, Appellant Stoner was the owner of 49% of the common stock of Texas Media Group, Inc., a corporation, the primary asset of which was Radio Station KZFM located in Corpus Christi, Texas. Stoner was also general manager of said radio station. Appellee Joe Glenn Thompson was the owner of three percent of the common stock, with the remaining 48% thereof being owned by Dr. Frank Gerow, Dr. Page Nelson, and Dr. Ray Reid.

In the summer of 1976 the owners of 51% of the common stock, that is, Thompson and the three Doctors hereinabove named, became interested in selling their stock in Texas Media. Appellees Arnold Malkan and wife Audrey Malkan sent a written tender offer to all the stockholders, including Stoner. Stoner did not accept the offer, but Thompson and the three Doctors did accept. However, at the time, Dr. Nelson was hospitalized, and there was some question as to whether he, Dr. Nelson, had actually transfered physical possession of his shares in Texas Media. Before this question could be resolved, on September 2, 1976, Stoner filed the instant litigation in a district court in Harris County seeking specific performance of his alleged prior agreement with Thompson and Nelson to buy their stock. On September 13, 1976, the Malkans intervened in the Harris County suit seeking to protect their alleged agreement to purchase the Texas Media stock in

question. Thereafter the Malkans filed a counterclaim against Stoner for interference with the Malkans' contractual relationship with Thompson. Stoner answered the Intervention and Counterclaim and crossacted against the Malkans, Gerow, Reid, Nelson, and Thompson.

Stoner sought a temporary injunction in the Harris County suit, seeking to enjoin the sale of Thompson's stock to the Malkans. After temporary hearing, the trial court denied Stoner this relief; but did, however, order that Stoner be permitted to remain as radio station manager at KZFM conditioned upon his posting a bond. Stoner never posted a bond, but instead filed a suit in the 148th District Court of Nueces County seeking, among other things, injunctive relief against Texas Media, Gerow, and Reid, to prevent them from dismissing him as radio station manager at KZFM. Before Texas Media was served in the Nueces County suit, it intervened in the Harris County suit seeking a declaratory judgment as to its rights and liabilities. Texas Media then filed a motion to abate the Nueces County suit; but, before the Court in Nueces County could pass upon that motion, Stoner dismissed the suit in Nueces County.

Meanwhile, on November 23, 1976, the Malkans entered into a written contract with Gerow, Reid, Nelson and Thompson whereby the Malkans agreed to purchase the 51% of the stock belonging to said named stockholders, who in turn agreed to sell their stock at an agreed price.

Texas Media filed an application for injunctive relief against Stoner in the Harris County suit; and on December 10, 1976, the Harris County District Court entered a temporary injunction against Stoner, wherein said court ordered Stoner to vacate the premises of Radio Station KZFM and enjoined him from denying Texas Media and its president, Gerow, control and possession of the books and records of the station. Stoner appealed this temporary injunction, and the First Court of Civil Appeals at Houston, Texas, subsequently on May 12, 1977, reversed the temporary injunction and dissolved same. See *Stoner v. Thompson* (Houston 1st Tex.Civ.App.1977) 553 S.W.2d 150, NRE).

On February 14, 1977, Stoner filed his second amended original petition in the Harris County suit; then three days later, to wit, on February 17, 1977, he filed a motion nonsuiting all claims for affirmative relief pending in Harris County. Then on that same day, Stoner filed a new lawsuit in the 105th District Court of Nueces County against Thompson and Nelson. Both Thompson and Nelson answered in the Harris County suit before the order on Stoner's nonsuit was entered; but, neither of them had filed counterclaims against Stoner before he nonsuited them. However, Thompson and Nelson thereafter filed counterclaims against Stoner in Harris County; but no service of process was obtained against Stoner concerning such counterclaims prior to the trial on the merits which began on July 11, 1977.

On June 10, 1977, the Malkans filed a motion for preferential setting of the instant suit on the merits, pursuant to which motion the trial court gave the case a preferential setting for July 11, 1977. On June 30, 1977, Stoner filed an original and then on July 8, 1977, he filed a supplemental motion to set aside the trial court's order granting preferential setting. After hearing, the trial court overruled both motions. On the day and at the time set for trial, Stoner filed a special appearance under Rule 120a; and at said time, Stoner's attorney appeared; whereupon the trial court overruled Stoner's special appearance. At this point Stoner's attorney advised the court that he declined to proceed further, and left the courtroom, and thereafter neither Stoner nor his counsel participated in the case.

The court proceeded to trial without a jury, after which the trial court entered judgment on July 15, 1977, which judgment contained the following:

(1) Texas Media Group, Inc.: was awarded judgment against Stoner in the amount of $50,000.00.

(2) The Malkans were awarded judgment against Stoner for $37,498.32.

(3) The court adjudicated that Stoner never had any valid contract, oral, written, or implied, with either Thompson or Dr. Nelson to purchase their shares in Texas Media.

(4) The court found that Stoner had been discharged as general manager of Radio Station KZFM by corporate action on November 27, 1976, and had thereafter without authority maintained possession and control of the premises of said radio station and also the corporate records of Texas Media, and has wrongfully prevented the corporate offices from exercising control of said premises and records. For these reasons, Stoner was permanently enjoined:

(a) From acting in behalf of Texas Media or the radio station as agent, manager, employee or officer thereof.

(b) From interfering with the officers, agents or employees of Texas Media in the operation of the radio station.

(c) From preventing the officers of Texas Media from taking possession of the radio station and the corporate records.

(d) From interfering with the corporate officers of Texas Media concerning licensing procedures before the Federal Communications Commission or any other governmental agency.

(e) From interfering with the transfer of Texas Media stock from Gerow, Nelson, Reid, and Thompson to the Malkans pursuant to the written contract of November 23, 1976, in which the above named persons were signatories and parties thereto.

(f) From interfering with Texas Media and the Malkans in their efforts to secure governmental approval of stock transfers hereinabove mentioned.

In addition, Stoner was ordered immediately to vacate the premises of the radio station and never again enter therein without prior written approval of the president of Texas Media, and to deliver up to Texas Media's corporate officers all of the books and records of the radio station.

Moreover, the trial court further found the contract of November 23, 1976, between the Malkans as purchasers and Gerow, Nelson, Reid, and Thompson as sellers, to be valid, binding, and enforceable; that Stoner never had any right to interfere therein; that neither Thompson nor Nelson ever did at any time agree to sell their respective corporate shares in Texas Media to Stoner; that Stoner was properly and legally removed as general manager of the radio station by corporate action taken on November 27, 1976; that thereafter Stoner never had any authority to act as such; that Stoner take nothing against Texas Media and the Malkans; and that Stoner is hereafter barred from asserting any claims against them arising out of transactions and occurrences which are the subject matter of this lawsuit. From this judgment, Stoner appeals upon forty-two points of error. After careful consideration of all of Appellant Stoner's points, we overrule same as being without merit.

After judgment, on July 18, 1977, Texas Media filed a motion for contempt against Stoner asserting violations of the injunctive relief contained in the trial court's judgment. After hearing, on July 21, 1977, the trial court adjudged Stoner to be in contempt of court, and imposed punishment therefor.

In Appellant Stoner's points of error one through five, he complains of the action of the trial court in granting the Malkans' motion for a preferential setting and in refusing to set aside the order granting a preferential setting. As stated before, on June 10, 1977, the Malkans filed a motion requesting a preferential setting of the case for the week of July 11, 1977, which motion the trial court granted. On June 30, 1977, Stoner filed his original motion to set aside the preferential setting, followed by his amended motion therefor filed by him on July 8, 1977. After hearing, the trial court overruled both of Stoner's motions to set aside, and proceeded to trial on July 11, 1977. Appellant Stoner complains that he had no notice of the Malkans' motion for preferential setting prior to the court's signing the order granting same, the Malkans had no pleadings on file showing a

justiciable interest in the lawsuit, that the local rules of the District Courts of Harris County were violated, and that a suit involving the same controversy concerning the same Texas Media corporate stock was pending in the 105th District Court of Nueces County. We overrule these contentions. The trial court's action in setting the case for trial was clearly within its power. See *Plains Growers, Inc. v. Jordan* (Tex. 1974) 519 S.W.2d 633; Rule 245, Texas Rules of Civil Procedure.

■ Appellant asserts that the setting of the case violates the local rules of the District Courts of Harris County. There is no proof in the record as to what these local rules are. Appellant attaches to his brief what he says is a copy of said local rules. Of course the attaching of this matter to his brief does not constitute proof of such local rules. We have no actual knowledge as to what such local rules provide, and in our opinion it would be improper as well as impossible for us to take judicial notice of such local rules of Harris County. See 23 Tex.Jur.2d, "Evidence," par. 11, pp. 29, 30.

With reference to Stoner's contention that the court had no jurisdiction because a companion suit involving the same corporate stock of Texas Media is pending in the 105th District Court of Nueces County: Stoner asserts that because this companion suit was pending between him on the one hand, and Nelson and Thompson on the other, in Nueces County, that the District Court in Harris County lacked jurisdiction over his person and the subject matter of this suit. We disagree.

■ It is a well-settled rule of law that pendency of a companion suit involving the same issues and subject matter does not preclude a trial on the merits in another case in the absence of an order granted after the filing of a plea in abatement, and in the absence of such plea in abatement, such objection is waived. *Cleveland v. Ward* (1926) 116 Tex. 1, 285 S.W. 1063 at p. 1070; *Mitchell v. Allis-Chalmers Mfg. Co.* (Tex.Com.App.1927) 291 S.W. 1099 at p. 1100, judgment adopted; *Day v. State* (Austin Tex.Civ.App.1972) 489 S.W.2d 368, at p. 371 NRE.

■ In the case at bar, Stoner never sought to abate the Harris County suit; indeed, he initiated it. As stated before on February 17, 1977, nearly five months before trial in Harris County, Stoner filed a nonsuit of all his claims for affirmative relief in the Harris County suit, and on that same day he filed a suit in the 105th District Court of Nueces County for specific performance of an alleged contract to purchase Texas Media stock, against Nelson and Thompson. Appellant's contention that the pendency of the Nueces County suit deprived the Harris County District Court of jurisdiction is without merit.

■ By Appellant Stoner's points 6 through 9 inclusive, he argues that the trial court lacked jurisdiction over the counterclaims of Nelson and Thompson against him because there had been no service of process of such counterclaims on him. It is true that Stoner had not been served with process concerning such counterclaims. However, this is immaterial, because the final judgment from which Stoner appeals does not award either Nelson or Thompson any relief against Stoner. Since the record shows that Thompson and Nelson did not obtain service of process on Stoner, that he did not answer their counterclaims prior to trial, the case stands as if Nelson and Thompson were not parties, and the failure to mention them in the judgment does not preclude the judgment on behalf of Texas Media and the Malkans against Stoner from being final and appealable. See *North East Independent School District v. Aldridge* (Tex.1966) 400 S.W.2d 893, 897; *Youngstown Sheet and Tube Co. v. Penn* (Tex. 1962) 363 S.W.2d 230, 232; *American Trendex Corp. v. Ultradyne Corp.* (Austin Tex. Civ.App.1973) 490 S.W.2d 205, NRE; *Liberty Mutual Ins. Co. v. City of Fort Worth* (Ft. Worth Tex.Civ.App.1975) 517 S.W.2d 646, no writ; Vol. 4, McDonald, Texas Civil Practice, 1971 Revised Edition, Par. 17.10.3, p. 77.

■ Throughout Appellant's points ten through thirty-seven, inclusive, Appellant

contends that Appellees' pleadings are insufficient to support the judgment. We overrule these contentions. Without detailing the evidence, suffice it to say that there is ample evidence to support all of the recovery allowed in favor of Texas Media and the Malkans against Stoner. Stoner never objected to any of this evidence, and therefore we hold these matters were tried by implied consent. Rule 67, Texas Rules of Civil Procedure; *Bednarz v. State* (1943) 142 Tex. 138, 176 S.W.2d 562; *Strong v. Garrett* (1949) 148 Tex. 265, 224 S.W.2d 471.

Moreover, the record does not show that Stoner ever urged any special exceptions against the pleadings of Appellees. This being so, Appellant has waived such objections to the sufficiency of such pleadings, and cannot now be heard to complain of same. Rule 90, Texas Rules of Civil Procedure; *Texas Osage Co-op Royalty Pool v. Kemper* (Galveston Tex.Civ.App. 1943) 170 S.W.2d 849, writ refused.

Appellant has other points and contentions, all of which we have carefully considered, and we overrule same as being without merit.

Judgment of the trial court is accordingly affirmed.

AFFIRMED.