Joan D. BECKMAN, Petitioner,

v.

Jerome C. BECKMAN, Respondent.

No. 05–85–01122–CV.

Court of Appeals of Texas,
Dallas.

July 11, 1986.

Rehearing Denied Aug. 18, 1986.

Theodore A. Hargrove, III, San Angelo, for petitioner.

John H. Hagler, William F. Kortemier, Dallas, for respondent.

Before AKIN, GUILLOT[1] and SCALES, JJ.

AKIN, Justice.

Joan D. Beckman appeals by writ of error the overruling of her "Motion for New Trial and Plea in Abatement" after default judgment was rendered in favor of Jerome C. Beckman. For the reasons below, we reverse the judgment of the trial court and remand for reconsideration of Mrs. Beckman's plea in abatement.

Mrs. Beckman filed suit for divorce on January 11, 1985, in Tom Green County. Mr. Beckman filed for divorce in Dallas County on January 12, 1985. This appeal is in the Dallas County case. Mr. Beckman answered and actively participated in the Tom Green County suit in which divorce was granted on March 14, 1985. Mrs.

Beckman then requested and received a new trial in the Tom Green County case on March 25, 1985, based upon new information obtained concerning the equitable division of military retirement benefits. The divorce action is still pending in Tom Green County.

Mrs. Beckman did not answer Mr. Beckman's Dallas County divorce suit, and Mr. Beckman obtained a default judgment in the Dallas County suit on April 8, 1985. Mrs. Beckman then, upon notice of the default, filed her motion for new trial and plea in abatement on April 18, 1985, alleging that the parties had orally agreed, prior to the default judgment, that Mr. Beckman would dismiss his Dallas County divorce action. A hearing was held on the motion for new trial and plea in abatement on June 18, 1985, but the motion was overruled by operation of law on June 24, 1985, although Mrs. Beckman had diligently sought a ruling from the trial judge.

Mrs. Beckman contends in her sole point of error that the trial court erred in failing to grant her motion for new trial. We agree. A motion for new trial is addressed to the trial court's discretion, and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). However, as stated by the supreme court in *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (1939), "while trial courts have some measure of discretion in the matter, as, in truth, they have in all cases governed by equitable principles, it is not an unbridled discretion to decide cases as they might deem proper, without reference to any guiding rule or principle." The *Craddock* court then established a guiding principle for trial courts to follow in determining whether to grant a motion for new trial after a default judgment:

A default judgment should be set aside and a new trial ordered in any case in which the failure of defendant to answer before judgment was not intentional, or a

---

1. Justice Guillot concurred in the result reached prior to his resignation.

result of conscious indifference on his part, but was due to mistake or accident, provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay of otherwise work an injury to the plaintiff.

*Id.; see Ivy v. Carrell,* 407 S.W.2d 212, 213 (Tex.1966).

Generally, factual allegations set forth in a defendant's affidavit in support of a motion for new trial are sufficient to establish the elements of the *Craddock* test. *Strackbein,* 671 S.W.2d at 39. Mrs. Beckman attempted to satisfy the *Craddock* test with her verified motion for new trial and plea in abatement.

First, Mrs. Beckman alleged that her failure to answer in the Dallas suit was not due to conscious indifference and was not intentional. In this respect, she contended that the parties had orally agreed to dismiss the Dallas County lawsuit and proceed in the Tom Green County case, which was filed earlier. She did not answer in the Dallas County suit because she thought that it had been dismissed.

Second, Mrs. Beckman set up a meritorious defense in her motion for new trial and plea in abatement. She attached to her motion copies of her original petition for divorce in Tom Green County and a copy of the divorce decree entered in that suit.

Third, Mrs. Beckman's motion was filed ten days after the default judgment was granted. The court in *National Rigging, Inc. v. City of San Antonio,* 657 S.W.2d 171, 173 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.), held that the granting of a new trial shortly after a default judgment would have occasioned no delay or otherwise worked an injury to the plaintiff. Mrs. Beckman also contends that the granting of her motion would occasion no delay or work injury to Mr. Beckman because Mr. Beckman had actively participated in the Tom Green County suit and had agreed to the granting of a new trial in that cause, occasioned because Mr. Beckman had failed to supply correct information with respect to his retirement benefits.

Although Mrs. Beckman has not offered to reimburse Mr. Beckman for his attorney's fees and costs in the Dallas suit, the failure to offer reimbursement in the motion for new trial does not preclude the granting of a new trial. *Boulware v. Security State Bank, Navasota,* 598 S.W.2d 687, 689 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.); *Dallas Heating Co. v. Pardee,* 561 S.W.2d 16, 22 (Tex. Civ.App.—Dallas 1977, writ ref'd n.r.e.). In light of Mr. Beckman's active participation in Tom Green County and Mrs. Beckman's reliance on Mr. Beckman's representations that he would dismiss his Dallas County divorce action, we hold that Mrs. Beckman did not need to offer to reimburse Mr. Beckman for his attorney's fees in the Dallas default.

In conclusion, we hold that Mrs. Beckman has met the requirements of the *Craddock* test. Accordingly, we sustain Mrs. Beckman's point of error, reverse the judgment of the trial court, and remand for a reconsideration of Mrs. Beckman's plea in abatement.

With respect to the plea in abatement, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974). Any subsequent suit involving the same parties and controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior lawsuit by plea in abatement. *Id.* A plea in abatement grounded on the pendency of a prior suit must be predicated upon a state of facts that are seasonably alleged and proved, and, unless this is done, the subsequent suit is not abated. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1072 (1926); *Texas Employers Insurance Association v. Baeza,* 584 S.W.2d 317, 321 (Tex. Civ.App.—Amarillo 1979, no writ); *Day v. State,* 489 S.W.2d 368, 371 (Tex.Civ.App.—Austin 1972, writ ref'd n.r.e.). In the absence of a seasonable plea in abatement,

the plea is waived. *Cleveland*, 285 S.W.2d at 1072. However, because of Mrs. Beckman's reliance upon Mr. Beckman's representation that the Dallas County suit would be dismissed, a question of estoppel against Mr. Beckman exists with respect to whether Mrs. Beckman's plea in abatement was seasonably raised when she first discovered that a default judgment had been rendered and, within ten days thereafter, filed her motion for new trial and plea in abatement.

Reversed and remanded.