ACCEPTED
06-15-00061-cv
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/18/2015 11:05:02 AM
DEBBIE AUTREY
CLERK

NO. 06-00061-CV

IN THE SIXTH COURT OF APPEALS FOR THE STATE OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/18/2015 11:05:02 AM
DEBBIE AUTREY
Clerk

A.J.P. OIL COMPANY, LLC d/b/a GRAPELAND FUEL & BBQ &

ANDREW J. PATION

*Appellant*

VS.

VELVIN OIL COMPANY, INC.

*Appellee*

---

ON APPEAL FROM THE FOURTH JUDICIAL DISTRICT COURT OF

RUSK COUNTY, 'I.EXAS, TRIAL COURT NO. 2014-362

---

BRIEF OF APPELLEE

LAW OFFICE OF RONNIE HORSLEY, P.C.
Attorney for Appellee, Velvin Oil Company, Inc.
RONNIE HORSLEY
P.O. Box 7017
Tyler, TX 75711
Telephone: (903) 593-7314
Facsimile: (903) 593-3450
Email: horsleylaw@tyler.net
State Bar No. 10014000


ORAL ARGUMENT WAIVED

## IDENTITY OF PARTIES AND COUNSEL

<u>Appellants/Defendants:</u>

A.J.P. Oil Company, LLC, d/b/a Grapeland Fuel & BBQ; Andrew J. Patton

<u>Counsel for Appellants/Defendants:</u>

Jaclyn D. Patton
639 Heights Blvd.
Houston, TX 77007
Phone: (713)730-9946
Fax: (713) 583-4180
Email: jaclyn@bcestateplanning.com
State Bar No. 24085521


William R. Pemberton
P.O. Box 1112
Crockett, TX 75835
Phone: (936) 544-4111
Fax: (936) 544-5023
Email: bill@permbertontriallaw.net
State Bar No. 15735500


<u>Appellee/Plaintiff:</u>

Velvin Oil Company, Inc.

<u>Counsel for Appellee/Plaintiff</u>

Ronnie Horsley
P.O. Box 7017
Tyler, TX 75711
Phone: (903) 593-7314
Fax: (903) 593-3450
Email: horsleylaw@tyler.net
State Bar No. 10014000

# TABLE OF CONTENTS

PAGE

I.     STATEMENT OF THE CASE ................................................... 1

II.    APPELLEE'S RESPONSE TO APPELLANTS' ISSUES ................. 1

III.   APPELEE CANNOT AGREE WITH THE STATEMENT OF
FACTS AS PRESENTED BY APPELLANT ................................. 3

IV.   APPELLEE'S STATEMENT OF FACTS ...................................... 3

V.    SUMMARY OF ARGUMENT ................................................... 4

VL ARGUMENT .......................................................................... 6

REPLY TO APPELLANTS' POINT NUMBER 1

The court did not err in granting the Motion for Summary
Judgment as the denial by Appellant was not sufficient to
overcome the *prima facie* evidentiary effect of Plaintiff's
Petition                                                6

REPLY TO APPELLANTS' POINT NUMBER 2

The appellant failed to plead the existence of the prior suit,
failed to request an abatement of the pending suit and
provided no evidence that the suits were identical in nature
and character. The courts have consistently held that such
a plea can be waived if not presented            .... .9

REPLY TO APPELLANTS' POINT NUMBER 1D

The court did not err in granting the appellee's attorneys
fees as the summary judgment evidence of same was
sufficient, and the credit agreement between the
parties stipulated a reasonable attorney's fee as being

one-third of the outstanding balance.

VII. CONCLUSION

CERTIFICATE OF COMPLIANCE .................................................................. 19

CERTIFICATE OF SERVICE .......................................................................... 19

# TABLE OF AUTHORITIES

## STATE CASES

PAGE

*Hartis v. Century Furniture Industries, Inc.,*
230 S.W.3rd 723, (Tex.App. —Houston [14th Dist.], no pet.) ................... 5

*Fisher v. Yates,* 953 S.W.2d 370
(Tex. APP—Texarkana, 1997 writ denied 988 S.W. 2d 730 *per curium.)...* 7

*General Electric Supply Company, a Division of General Elec. Co.*
*v. Gulf Electroquip,* Inc. 857 S.W. 2d 591
(Tex. App. —Houston[ 1st Dist], 1993 writ denied) ....................................... 7

*Boeker v. Syptak,* 916 S.W. 2d 59
(Tex. App —Houston[1st Dist.] 1996, no writ ................................................. 8

*Composites, Inc. v. Westlake Styrene Corp.,*
15 S.W.3rd 124 (Tex. App. —Houston[1st Dist.] pet. Dismissed ................. 8

*Oliver v. Carter & Co. Irr., Inc.,*
08-01-00446CV, 2002 WL 1301568 at p.5 ....................................................... 8, 9

*Norcross v. Conoco, Inc.,*
720 S.W.2d 627, 630 (Tex.App.-San Antonio 1986, no writ) ..................... 8

*Taylor v. Fred Clark Felt Company,*
567 S.W.2d 863 (Tex.Civ.App.-Houston
[14th Dist.] 1979, writ ref'd n.r _e)_____.................................... 8

*Day v. State* 489 S.W.2d 368 (Tex. 1972) ...................................................... 10, 12

*Attorney General of Texas v. Duncan,*
929 S.W.2d 567 (Tex.App. - Fort Worth 1996, no writ) 11

*Hidalgo v. Surety Savings and Loan Association,*
462 S.W.2d 540, (Tex. 1971) ................................................................. 11

*Beckman v. Beckman,*   716 S.W.2d 83, 85-86
(Tex. App. 1986), <u>dismissed</u> (Oct. 22, 1986) (p. 85-86) ............................ 11

*Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974) ......................................... 11

*Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1072 (1926) ......................... 11

*Texas Employers Insurance Association v. Baeza,*
584 S.W.2d 317, 321 (Tex.Ciy.App. Amarillo 1979, no writ) ................. 11-12

*Arthur Andersen v. Perry Equipment Corp.,*
945 S.W.2d 812 (Tex. 1997)        ............................................... 13, 14,16

*Estate of Tyner,* 292 S.W.3rd 179 (Tex. App. —Tyler, 2009, no pet).. . 13, 14, 16

*Academy Corp. v. Interior Buildout & Turnkey Const. Inc.,*
21 S.W. 3rd 732 (Tex. App-Houston [14th Dist.] no pet. 2000) ..................... 13

*AU Pharmaceutical, Inc. v. Boston,*
986 S.W.2d 331, 338 (Tex.App.-Texarkana 1999, no pet.) ............................ 14

*Basin Credit Consultants, Inc. v. Obregon,* 2 S.W.3d 372, 373 (Tex.App.-San
Antonio 1999, pet. denied) ................................................................. 15

## RULES AND STATUTES

TEXAS GOVERNMENT CODE ANNOTATED § 312.011(1)
(Vernon 1998) ...................................................................................... 8

TEXAS RULES OF CIVIL PROCEDURE, RULE 185 ................................ 3, 6, 7

TEXAS RULES OF CIVIL PROCEDURE, RULE 166a ............................. .7,14

TEXAS RULES OF CIVIL PROCEDURE, RULE 93(3) .............................. 9,10

TEXAS RULES OF CIVIL PROCEDURE, RULE 93(10) .......................... 7

TEXAS RULES OF CIVIL PROCEDURE, RULE 95 ................................. 7

RULE 185 TEXAS RULES OF CIVIL PROCEDURE ............................. ... 3, 6

TEXAS DISCIPLINARY RULES OF PROFESSIONAL
CONDUCT, RULE 1.04 ........................................................................ .13,14, 15, 16

## I. STATEMENT OF THE CASE

Appellee, Velvin Oil Company, Inc. ("Velvin") agrees with the statement of the case submitted by Appellants (collectively referred to as AJP).

## II. APPELLEE'S RESPONSE TO APPELLANT'S ISSUES

## ISSUE 1: TRIAL COURT DID NOT ERR IN GRANTING THE MOTION FOR SUMMARY JUDGMENT:

A. Appellee's response to Appellants' ISSUE 1A, wherein Appellant alleges plaintiff's sworn account cannot be considered prima facie evidence to support summary judgment where an amended answer and a controverting affidavit was timely filed, is that the amended answer and its controverting affidavit actuallyconstitute a conditional denial.

B. Appellee's reply to Appellants' ISSUE 1B regarding Appellants' defense of payment on deliveries made after the claim of disputed diesel, is that the appellant predicates this issue on

1

facts which were not presented as Summary Judgment evidence and were not considered by the trial court.

C.  Appellee's response to Appellants' ISSUE 1C regarding application of payments again is that appellant has attempted to make an issue of matters not in the record as evidence as there was no Summary Judgment evidence of such.

D.  Appellee's response to Appellants' ISSUE 1D, regarding reasonableness of attorney's fees, is that judicial notice was not taken of the attorney's fees, rather, the award of attorney's fees was based on the affidavit of appellee's counsel which was not controverted by appellant, and the parties' credit agreement stipulated 1/3 to be a reasonable fee.

ISSUE 2: TRIAL COURT DID NOT ERR IN DENYING THE MOTION FOR NEW TRIAL BECAUSE OF A PRIOR PENDING CASE.

No Plea in Abatement was ever filed by the Appellant and the evidence did not establish facts which would entitle appellant to an abatement.

## III. APPELLEE CANNOT AGREE WITH THE STATEMENT OF FACTS AS PRESENTED BY APPELLANT

We are compelled to object to certain aspect of statement of facts and matters utilized by appellant including matters which were not placed into evidence and apparently were based on the personal experiences she had in Houston County in connection with another case and were not included in the trial court matter. Those include statements of fact which allege Velvin delivered tainted fuel; extensive correspondence between the parties, thousands of pages of discovery, etc. Appellant did not file an Answer or Motion to Transfer venue pointing out that the "second filed suit" was identical to the subject matter of the other suit.

## IV. APPELLEE'S STATEMENT OF FACTS

Velvin filed its Plaintiff's Original Petition in the Fourth Judicial District Court of Rusk County on the 19th day of November, 2014. (CR5-CR15). The Petition was filed pursuant to Rule 185, Tex. R. Civ. Pro. AJP then filed its unverified Defendants' Original Answer on the 29th day of December, 2014. (Supp. CR5- CR9). AJP filed its Defendant's Motion to Transfer Venue on the 29th day of December, 2014. (CR16-CR45). Velvin filed its Response to Defendant's Motion to Transfer Venue on the 23rd day

of February, 2015. (2nd Supp. CR5-CR115). The Motion to Transfer Venue was denied after hearing on the 3rd day of March, 2015. (CR54). Velvin filed its Motion for Summary Judgment on the 30th day of March, 2015. (CR55-CR58). AJP filed an Amended Answer on the 6th day of April, 2015. (CR59-CR62) and also filed its Response to Motion for Summary Judgment on the 6th day of April, 2015 (CR63-CR75). Trial court granted Velvin's Motion for Summary Judgment on the 4th day of June, 2015. (CR76-CR77). AJP filed its Motion for New Trial on the 2nd day of July, 2015. (CR78-CR136) and the Trial court denied AJP's Motion for New Trial on the 20th day of August, 2015. (CR146)

## V. SUMMARY OF ARGUMENT

### Motion for Summary Judgment

Although the court is limited in granting Plaintiff's Motion for Summary Judgment to the grounds set forth in the Motion, it is always been understood by Texas courts that the defendant in its response and its affidavits can establish sufficient grounds as a matter of law to have judgment rendered against it as in this case.

The plea of payment would ordinarily be sufficient to overcome and defeat the Summary Judgment. However, the "proof" consisting of a check does not rise to the level of an accounting as required by the rules. The Plea of "payment" is an affirmative defense as well as a plea in avoidance. The burden of proving same is on the Defendant AJP. *Hartis v. Century Furniture Industries, Inc.,* 230 S.W.3rd 723, (Tex.App. —Houston [14th Dist.], no pet.).

Motion for New Trial

The Motion for New Trial (CR78-CR136) filed by appellant attempted to interject matters which had not been before the court in the Motion for New Trial (CR78-CR136) or in the Motion to Transfer Venue. (CR16-CR45). The appellant attempts to submit an issue regarding the defense of payment because" appellants instructed appellee that payments made after delivery of disputed diesel by appellee were not applied to charges for disputed diesel" (Appellee's ISSUE 1d, p. 3). There was no evidence supported or submitted to the court regarding this issue.

# VI. ARGUMENT

## <u>REPLY</u> TO <u>APPELLANTS' POINT NUMBER 1</u>

The court did not err in granting the Motion for Summary Judgment as the denial by Appellant was not sufficient to overcome the *prima facie* evidentiary effect of Plaintiff's Petition.

Plaintiff's Original Petition (CR5-CR15) set forth a sworn account under RULE 185 I.EXAS RULES OF CIVIL PROCEDURE. The Defendants' Original Denial (Supp. CR5- CR9) was not sufficient to deny the account. The Amended Answer filed by Appellant (CR 59-CR62) does not deny the sworn account, rather, same simply interposes a suggestion of payment and a denial that the finance charges were due and owing. The verification accompanying this Amended Answer (CR 59- CR 62) does not contain facts, rather, it simply contains a statement:

"every statement contained in paragraph one and two of defendant's first amended original answer is true and correct."

Summary Judgment evidence must be based on personal knowledge, set forth facts which would be admissible in evidence and show the affiants

competency. Affidavits which merely adopt the factual allegations made in a response are not proper summary judgment evidence. *Fisher v. Yates,* 953 S.W.2d 370 (Tex. APP—Texarkana, 1997 writ denied 988 S.W. 2d 730 *per curium.)* Similarly, in *General Electric Supply Company, a Division of General Elec. Co. v. Gulf Electroquip,* Inc. 857 S.W. 2d 591 (Tex. App. —Houston{ 1st Dist], 1993 writ denied)

The Response to the Motion for Summary Judgment (CR63-CR75) again pleads payment and incorporates the affidavit of Andrew Patton. The affidavit also attaches as Exhibit 2 the credit terms and the personal guarantee of Mr. Patton. (CR 71) This instrument also includes the provision:

> "If Velvin Oil Co. finds it necessary to refer this
> account to an attorney for initiation of a lawsuit a fee
> of 33 1/3% of the outstanding balance plus any and
> all court costs shall be added to the account balance"
> (CR 71).

The pleading filed does not entitle Appellant to present a defense to the account presented under RULES 185, 166a 93 (10) and 95, TEXAS

RULES OF CIVIL PROCEDURE. The Apellant's pleadings and the "affidavit" attached, do not constitute summary judgment evidence. *Boeker v. Syptak,* 916 S.W.2d 59 (Tex. App—Houston[1st Dist.] 1996, no writ.

At best the appellant by its pleading set out an affirmative defense on which it had the burden of establishing evidence at the summary judgment hearing. *Composites, inc. v. Westlake Styrene Corp., 15* S.W.3rd 124 (Tex. App. —Houston[1st Dist.] pet. dismissed

*Oliver v. Carter & Co. Irr., Inc.,* 08-01-00446CV, 2002 WL 1301568 at p.5, discusses the need for the qualifying response by citing the statutory definition of "affidavit": "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths,..."Tex.Gov't Code Ann. § 312.011(1)(Vernon 1998). No particular terminology is required by Section 312.011 to render a document an affidavit. *Norcross v. Conoco, Inc.,* 720 S.W.2d 627, 630 (Tex.App.-San Antonio 1986, no writ). It is the substance and not the form of an affidavit that is important. *Id., citing Taylor v. Fred Clark Felt Company,* 567 S.W.2d 863 (Tex.Civ.App.-Houston [14th Dist.] 1978, writ ref'd n.r.e .). However, the form of a statement is important for purposes of determining whether such

statement qualifies as an affidavit that must accompany a written denial under Rules 185 and 93(10)." *Oliver v. Carter & Co. Irr., Inc.,* 08-01-00446CV, 2002 WL 1301568 at p.5.

It is submitted that the response of Appellant does not under the authorities cited.

## REPLY TO APPELLANTS' POINT NUMBER 2

**The appellant failed to plead the existence of the prior suit, failed to request an abatement of the pending suit and provided no evidence that the suits were identical in nature and character. The courts have consistently held that such a plea can be waived if not presented.**

The appellant complains in issue number two that there was a prior suit pending between the same parties. RULE 93(3) TEXAS RULES OF CIVIL PROCEDURE requires a <u>pleading</u> setting up any of the following matters be verified by affidavit "that there is another suit pending in this state between the same parties involving the same claim." No pleading to this effect were filed by appellant. The "Petition" (CR23-CR45 ) attached to the affidavit accompanying the Motion to Transfer Venue (CR16-CR45) does not set forth facts which could give rise to the matter "appearing" of

9

record. The instrument was part of the Venue allegation that the forum was not convenient, and was not offered as Summary Judgment evidence.

A Plea in Abatement pursuant to RULE 93 (3) TEXAS RULES OF CIVIL PROCEDURE, must be specifically pleaded if one is claiming a prior suit pending between the same parties. *Day v. State,* 489 S.W.2d 368 (Tex. 1972). This plea must also be verified. An examination of the documentation in the file including the Original Answer (Supp. CR5- CR9), the Motion to Transfer Venue, (CR16-CR45), the Amended Answer (CR59-CR62) do not show any compliance or any effort by Appellant, and in fact, the only evidence produced by Appellant which could possibly substantiate such a plea is contained within the affidavit of Andrew Patton which accompanied the Motion to Transfer Venue (CR16-CR45 at p. 21-22) A file-marked copy of a Houston County Petition (not certified) as an exhibit to the Motion to Transfer Venue (CR16-CR45, p. 23-45) simply points out a dispute arising out of a delivery of allegedly defective diesel fuel. The Houston County Petition nor any of its attachments were offered as evidence in response to the Motion for Summary Judgment (CR55-CR58) or in connection with a Plea in Abatement. Attaching them to a pleading

10

does not constitute them as being evidence in this case, nor do the pleadings themselves constitute evidence. *Attorney General of Texas v. Duncan,* 929 S.W.2d 567 (Tex.App. - Fort Worth 1996, no writ). Pleadings, even if sworn, do not constitute summary judgment evidence. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540, (Tex. 1971).

AUTHORITIES:

*Beckman v. Beckman,* 716 S.W2d 83, 85-86 (Tex. App. 1986), <u>dismissed</u> (Oct. 22, 1986) (p. 85-86)

"With respect to the plea in abatement, the court in which suit is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Curtis v. Gibbs,* 511 S.W.2d 263, 267 (Tex.1974). Any subsequent suit involving the same parties and controversy must be dismissed if a party to that suit calls the second court's attention to the pendency of the prior lawsuit <u>by plea in abatement.</u> *Id.* A plea in abatement grounded on the pendency of a prior suit must be predicated upon a state of facts that are seasonably alleged and proved, and, unless this is done, the subsequent suit is not abated. *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063, 1072 (1926); *Texas Employers Insurance Association v. Baeza,* 584 S.W.2d 317, 321

(Tex.Civ.App. — Amarillo 1979, no writ); *Day v. State,* 489 S.W.2d 368, 371 (Tex.Civ.App. —Austin 1972, writ ref'd n.r.e.). In the absence of a seasonable plea in abatement, \*86 the plea is waived. *Cleveland,* 285 S.W.2d at 1072."

REPLY TO APPELLANTS POINT NUMBER 1D

The court did not err in granting the appellee's attorneys fees as the summary judgment evidence of same was sufficient, and the credit agreement between the parties stipulated a reasonable attorney's fee as being one-third of the outstanding balance.

Appellant placed before the court the parties' credit agreement as well as the personal guarantee. The agreement provides for the interest as described by appellant, it also describes that Velvin Oil is entitled to reasonable attorney's fee of one third of balance in the event of a lawsuit was filed. The signature of Andrew Patton confirms this agreement.

The Appellants ISSUE 1D complains of the attorneys fees awarded by the court even though they are supported by the parties own contract and is supported by the affidavit of Appellee's attorney. The affidavit of William Pemberton (CR72- CR 75) leaves out the single critical statement

required to oppose the Affidavit of Ronnie Horsley (CR57) as to reasonable attorney's fee, and that it does not contain a statement that the fees requested are unreasonable. Further RULE 1.04 of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT does not require all the elements listed there, nor does the _Arthur Anderson_ case or subsequent Texas cases require a listing of all eight requirements as a condition of recovery of a reasonable fee. *Arthur Andersen v. Perry Equipment Corp.,* 945 S.W.2d 812 (Tex. 1997). particular, since the parties have a signed agreement setting forth Appellee's entitlement to the attorney's fees of 33 1/3% of the balance, and the Appellant agreed to such terms in writing, there can be little dispute. The case of the *Estate of Tyner* discusses the affidavit and the in applicability of the "checklist". *Estate of Tyner,* 292 S.W. 3rd 179 (Tex. App. —Tyler, 2009, no pet).

AUTHORITIES:

*Academy Corp. v. Interior Buildout & Turnkey Const. Inc.,* 21 S.W. 3rd 732 (Tex. App-Houston [14th Dist.] no pet. 2000).

"Academy claims Turnkey did not present evidence of the second, fifth, and sixth factors; therefore, the evidence is legally insufficient to support

an award of attorney's fees. There is nothing in *Perry Equip. Corp.* to suggest that the eight factors are elements of proof, rather than guidelines which the factfinder "should consider when determining the reasonableness of a fee." *See id. see also* Tex. Disciplinary R. Prof'l Conduct 1.04, *reprinted in* TEX. GOVT CODE ANN., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9) (listing "factors that may be considered in determining the reasonableness of a fee include, but not to the exclusion of other relevant factors")." (p742)

*Estate of Tyner,* 292 S.W. 3RD 179 (Tex. App. —Tyler, 2009, no pet)

"To create a fact issue, the nonmovant's attorney must file an affidavit contesting the reasonableness of the movant's attorney's fee affidavit. *Id.* To constitute proper summary judgment evidence, an affidavit must be made on personal knowledge, set forth facts which would be admissible in evidence, and show the affiant's competence. Tex.R. Civ. P. 166a(f). The allegations must be direct, unequivocal, and such that perjury is assignable. *All Pharmaceutical, Inc. v. Boston,* 986 S.W.2d 331, 338 (Tex.App.-Texarkana 1999, no pet.). Thus, an affidavit filed by the movant's attorney that sets forth his qualifications, his opinion regarding reasonable attorney's fees,

14

and the basis for his opinion will be sufficient to support summary judgment, if uncontroverted. *Basin Credit Consultants, Inc. V. Obregon,* 2 S.W.3d 372, 373 (Tex.App.-San Antonio 1999, pet. denied). (p. 184)"

While appellee may concede the legal proposition that the court may not take judicial notice of a reasonable fee if controverted, it is appellee's position that the affidavit of William Pemberton (CR 72-75) does not actually controvert the fee affidavit (CR57) accompanying the Motion for Summary judgment, rather, the instrument seems to simply be expressing an objection to the absence of elements, and does not state that the fee being requested is 'unreasonable".

The affidavit of William Pemberton (CR 72-75) leaves out one important issue it does not state that in the opinion of William Pemberton, attorney, the attorneys fees set forth in the affidavit of Ronnie Horsley are unreasonable. (CR57). "The summary judgment affidavit of Ronnie Horsley in support of plaintiffs claim for attorney's fees does not set forth a reasonable amount of attorney's fees, because it does not contain all the elements required by RULE 1.04 of the TEXAS DISCIPLINARY RULES OF

PROFESSIONAL CONDUCT". *Arthur Andersen v. Perry Equipment Corp.,* 945 S.W.2d 812 (Tex. 1997).

The court and *Arthur Anderson* and RULE 1.04 of the TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT does not require submission of or consideration of all of the enumerated elements. The elements are simply suggested guidelines by which the court may determine a reasonable fee. ). *Estate of Tyner,* 292 S.W. 3RD 179 (Tex. App. — Tyler, 2009, no pet) discusses the sufficiency of attorney's fee affidavits and the inapplicability of the "checklist".

The affidavit of Ronnie Horsley (CR57) which accompanied the Motion for Summary Judgment set forth that the affiant was an attorney, duly sworn, licensed and familiar with the fees customarily charged by attorneys in the area. The affiant had practiced law since 1970 in the state of Texas and was retained by plaintiff on a contingency based on the amount of the debt to be collected. The affiant set out that his experience extended to handling numerous cases and based on the usual contingency arrangements of other attorneys $10,892.24 was a reasonable customary fee for investigating the case attempting to secure collection by amicable

means preparing and filing the petition filing a motion for summary judgment therein.

Although the court did not take judicial notice of the fee, it could have since the affidavit of William Pemberton (CR 72-75) did not voice an opinion that the fees sought were unreasonable based on the attorneys experience, rather, it was based on the fact that the affidavit of Ronnie Horsley (CR57) did not set forth all of the eight elements

Because the Pemberton affidavit did not set forth facts, rather it set forth an exception or objection, the trial court was not obliged to consider saying as raising an issue.

## VII. CONCLUSION

In conclusion, appellee would show that the Summary Judgment evidence before the court established Plaintiff's entitlement to recover. The Appellant did not offer any further affidavits and those which were a part of the Motion to Transfer Venue were not offered in evidence in response to Appellee's Motion for Summary Judgment nor were they placed in evidence in connection with the Motion for New Trial. The Appellant failed to deny the sworn account adequately and its plea of payment was

insufficient. The court properly granted the Motion for Summary

Judgment based on the evidence and the attorneys fees awarded were

allowed by law and in accordance with the parties' credit agreement.

The judgment of the trial court should be in all things affirmed.

Respectfully submitted,

LAW OFFICES OF RONNIE HORSLEY, P.C.
Attorney for Plaintiff


BY: /s/ Ronnie Horsley
     RONNIE HORSLEY
     P.O. Box 7017
     Tyler, Texas 75711
     Telephone: (903) 593-7314
     Facsimile: (903) 593-3450
     Email: horsleylaw@tyler.net
     Texas Bar Card No. 10014000

## CERTIFICATE OF COMPLIANCE

I do hereby certify that this document was produced on a computer using Microsoft Word and contains 3,237 words, as determined by the computer software's word-count function, excluding the sections of the document listed in TEXAS RULES OF APPELLATE PROCEDURE 9.4(i)(1)

/s/ Ronnie Horsley
RONNIE HORSLEY

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2015, a true and correct copy of the foregoing was mailed by certified mail, return receipt requested, and electronic service to the following:

Jaclyn D. Patton
Attorney at Law
639 Heights Boulevard
Houston, TX 77007

email: jaclyn@txestateplarming.com

/s/ Ronnie Horsley
RONNIE HORSLEY