John NORCROSS, Appellant,

v.

CONOCO, INC., Appellee.

No. 04–86–00001–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 15, 1986.

Mitchell O. Sawyer, Edinburg, for appellant.

Charles R. Borchers, Laredo, and Charles Puckett, Houston, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

## OPINION

CANTU, Justice.

This is an appeal from the granting of a Motion for Summary Judgment in favor of the appellee, Conoco, Inc. Conoco originally sued the appellant, John Norcross, on a suit on account. Conoco is the operator of several oil and gas wells located in Zapata County, Texas, and under its operating agreement, is responsible for charging and collecting expenses for operating the wells from the working interest owners. Norcross is one of the working interest owners.

Conoco filed a suit on account seeking to recover approximately $124,000.00 in unpaid expenses and interest, foreclosure of various liens to secure payment of the expenses and for attorney fees.

Norcross answered with a general denial. Conoco then filed a Motion for Summary Judgment, alleging that no fact issues existed. Norcross responded by filing an Amended Original Answer denying Conoco's cause of action, and alleging that the

items made the basis of Conoco's account were not just or true. Norcross also alleged a conspiracy between Conoco and others to defraud him of his interest in the various wells. Norcross filed a Response to Conoco's Motion for Summary Judgment, alleging that numerous questions of fact existed as to the amounts allegedly due on the accounts owed Conoco, in an amount not less than $76,488.09.

The trial court found that no material issues of fact existed, and awarded Conoco $124,994.89 plus attorney fees and foreclosure of its liens. Norcross brings six points of error, and presents his argument in support of them together. For clarity and cohesiveness, we shall address the points out of order.

Point of error number five alleges that the trial court erred in failing to hold that Norcross' affidavit, which was attached to his First Amended Original Answer, was sufficient. Norcross contends that the affidavit was sufficient to constitute a sworn denial which would rebut Conoco's prima facie case pursuant to Rule 185, and required Conoco to prove the elements of a suit on account.

TEX.R.CIV.P. 185 provides in pertinent part:

When any action or defense is founded upon an open account ... or is for personal service rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by the affidavit of the party, his agent or attorney taken before some officer authorized to administer oaths, to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall file a written denial, under oath. A party resisting such a sworn claim shall comply with the rules of pleading as are required in any other kind of suit, provided, however, that if he does not timely file a written denial, under oath, he shall not be permitted to deny the claim, or any item therein, as the case may be.

The filing of a proper, sworn denial destroys the evidentiary effect of the plaintiff's petition and forces the plaintiff to present proof of his account. *Rizk v. Financial Guardian Insurance Agency*, 584 S.W.2d 860 (Tex.1979). This principle is applicable to a subsequent motion for summary judgment and requires the plaintiff to submit proof of the elements of his cause in his summary judgment proof. *See* Hittner, *Summary Judgments in Texas*, 22 Baylor L.Rev. 1109, 1114 (1985). *See also Burtis v. Butler Bros.*, 243 S.W.2d 235 (Tex.Civ.App.—Dallas 1951, no writ).

However, if the party resisting a sworn account fails to file a written denial under oath he cannot deny the claim or any item in it. *Carr Well Service, Inc. v. Skytop Rig Company*, 582 S.W.2d 500 (Tex. Civ.App.—El Paso 1979, writ ref'd n.r.e.). Thus we must initially decide if appellant filed a proper sworn denial in this case.

The affidavit attached to Norcross' First Amended Original Answer states:

Before me, the undersigned authority, on this day personally appeared JOHN W. NORCROSS, the defendant in the above entitled and numbered cause, and after having been duly sworn, did state that he has read and fully understands the above and foregoing allegations set out in paragraph II of Defendant's First Amended Original Answer and can and does state from personal knowledge that said allegations are true and correct.

/S/ JOHN W. NORCROSS

A notary's acknowledgment form then follows:

On this the 11th day of September 1985, before me, Cynthia A. Scott, the undersigned notary public, personally appeared, JOHN W. NORCROSS, proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged that he executed it. WITNESS my hand and official seal.

/S/ CYNTHIA A. SCOTT

Paragraph two of Defendant's Amended Original Answer, referred to in the affidavit, states:

Defendant would further show that each and every item made the basis of plaintiff's account herein is not just or true.

TEX.R.CIV.P. 93(10) provides:

A pleading setting up any of the following matters ... shall be verified by affidavit.

(10) A denial of an account which is the foundation of the plaintiff's action, and supported by affidavit.

Conoco contends that Norcross' affidavit is insufficient to deny its account because it is not sworn to and does not contain the phrase "Subscribed and Sworn to before me ... the undersigned notary." TEX. GOV'T CODE ANN. § 312.011(1) (Vernon Pamp.1986) sets out the definition of an affidavit:

"Affidavit" means a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office.

No particular terminology is required by Section 312.011 to render a document an affidavit. The cases cited by Conoco in support of its contention do not require use of the words "subscribed and sworn to," but rather involve situations where it did not appear that the affiant swore to the allegations in the affidavit at all. *See Hardy v. Beaty*, 84 Tex. 562, 19 S.W. 778 (1892); *Failing v. Equity Management Corporation*, 674 S.W.2d 906 (Tex.App.— Houston [1st Dist.] 1984, no writ); *Sturm Jewelry, Inc. v. First National Bank, Franklin*, 593 S.W.2d 813 (Tex.Civ.App.— Waco 1980, no writ). By contrast, the affidavit of Norcross expressly states that Norcross was duly sworn. It is the substance and not the form of an affidavit that is important. *Taylor v. Fred Clark Felt Company*, 567 S.W.2d 863 (Tex.Civ.App.— Houston [14th Dist.] 1978, writ ref'd n.r.e.).

Conoco also argues that Norcross' point concerning the affidavit to his answer is irrelevant because in a summary judgment proceeding only those matters germane to the summary judgment are considered. However, if Norcross sufficiently denied the allegations of Conoco's suit, Conoco would be required to prove the allegations of its action rather than relying on the prima facie case provision of Rule 185. Thus the trial court would be required to determine whether Norcross' affidavit was sufficient to deny Conoco's allegations before granting the motion for summary judgment.

Nevertheless, we must presume, in the absence of any showing to the contrary, that the trial court correctly decided all matters of law before it necessary to support its judgment. *Strackbein v. Prewitt*, 671 S.W.2d 37 (Tex.1984); *Gulf Land Co. v. Atlantic Refining Co.*, 134 Tex. 59, 131 S.W.2d 73 (1939). Therefore, because we find that Norcross' affidavit was sufficient to constitute a sworn denial, we presume that the trial court did so as well. Thus the trial court did not err in failing to hold that Norcross' affidavit was sufficient. Point of error number five is overruled.

Point of error number six similarly alleges that the trial court erred in failing to hold that Norcross' affidavit attached to his Response to the Motion for Summary Judgment was sufficient to constitute summary judgment proof. This affidavit is of the same form as that attached to Norcross' answer, although it contains additional information concerning the allegation of inaccuracies in Conoco's accounts.

The form of this affidavit is also sufficient based upon our discussion of point of error number five. Therefore, as discussed above, we will presume the trial court correctly held that the affidavit was sufficient. Point of error number six is overruled.

Next, we must decide if the trial court correctly found that Conoco was entitled to summary judgment as a matter of law. Norcross raises four points of error contending that the summary judgment was improper. In his first point, Norcross complains that the court erred in granting sum-

mary judgment because Conoco was required to prove each and every allegation of its account inasmuch as Norcross properly denied the allegations. Norcross contends that Conoco failed to so prove the elements of a suit on account.

Norcross then attacks the proof made by Conoco in his points of error two and three, by alleging that there was no evidence establishing any amount due on the account since the invoices attached to the motion for summary judgment were not admissible because no proper predicate was laid to admit them as business records; and by alleging that the motion for summary judgment was supported totally by affidavits of interested persons, whose statements were controverted by his own summary judgment proof. Norcross' fourth point of error alleges that numerous fact issues were raised in that the account records contained inaccuracies.

A summary judgment is proper when there are no material issues of fact presented and the movant is entitled to judgment as a matter of law. TEX.R. CIV.P. 166–A. The rules to be followed by an appellate court in reviewing a summary judgment record were set out in *Wilcox v. St. Mary's University of San Antonio, Inc.,* 531 S.W.2d 589 (Tex.1975). They are:

1. The movant for summary judgment ... has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment evidence favorable to the non-movant ... will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubt resolved in their favor.

In summary judgment proceedings the trial is conducted on independently produced proof, such as affidavits, the motion for summary judgment and the response. *Hidalgo v. Surety Savings and Loan Association,* 462 S.W.2d 540 (Tex.1971). The pleadings, however, do not constitute summary judgment proof. *City of Houston v.*

*Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979).

In ruling on a motion for summary judgment, all conflicts in the evidence must be disregarded and the evidence which tends to support the non-movant accepted as true. *Gonzalez v. Global Truck and Equipment, Inc.,* 625 S.W.2d 348 (Tex.Civ. App.—Houston [1st Dist.] 1981, no writ). The movant has the burden of showing that he is entitled to judgment as a matter of law by conclusively establishing all elements of his cause of action. *Hill v. Milani,* 678 S.W.2d 203 (Tex.App.—Austin 1984) *aff'd* 686 S.W.2d 610 (Tex.1985). If such burden is met, the non-movant must present summary judgment proof to establish a genuine fact issue. *Ramirez v. Bagley Produce Company,* 614 S.W.2d 582 (Tex.Civ.App.—Corpus Christi 1981, no writ).

Rule 166–A(e) provides:

Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith ... Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

Affidavits by J.C. Curry, the regional manager of Conoco, Inc., and Paul Shively, Director of Treasury Services for Conoco, Inc., were submitted as summary judgment proof by Conoco. Curry's affidavit states that he has personal knowledge of all facts stated in his affidavit and that he is familiar with the events and circumstances involving the dispute between Conoco and Norcross. Shively's affidavit also states that he has personal knowledge of the facts stated and that they are true and correct. According to his affidavit, Shively manages the accounts receivable for Cono-

co owed by Norcross. Under his direction, bills were sent to Norcross for his share of costs. Attachments to both affidavits include copies of the invoice records sent to Norcross.

■ Norcross contends that these affidavits are insufficient to permit consideration of the account invoice records, because neither affiant stated that he was a custodian of the records, that it was the regular course of Conoco's business for an employee with personal knowledge of the information to make such a record or that the information was transmitted to the person making the record by one with personal knowledge; as required by the Texas Business Records Act, TEX.R.EVID. 803(6) and 902(10).

As noted, Rule 166–A(e) requires that affidavits in support of a motion for summary judgment set forth facts as would be admissible in evidence, and that defects in the form of the affidavit will not be grounds for reversal unless specifically pointed out by objection, with an opportunity to amend. Conoco argues that Norcross failed to specifically point out the defects, if any, and further that Conoco was not given an opportunity to amend. Conoco, therefore, contends that Norcross has waived this point.

The record reflects that Norcross objected to admission of Conoco's affidavits at the hearing on the Motion for Summary Judgment, on the grounds that the affidavits failed to comply with the requirements of Rules 803(6) and 902(10). Norcross was not objecting to the form of the affidavits, but rather was complaining about the admissibility of the records for consideration as summary judgment proof, because no predicate was laid within the affidavits. The complaint was not an objection to the form of the affidavits that, under Rule 166–A(e), would require a specific objection with an opportunity to amend. The affidavits themselves are sufficient. It is the sufficiency of the proof offered within these affidavits in support of the motion that Norcross questions.

■ Once Norcross filed a sworn denial, Conoco was required to prove the elements of its suit on account. These elements include: (1) that there was a sale and delivery of merchandise or services; (2) that the amount of the account is just in that the prices charged are in accordance with the agreement and they are the usual, customary and reasonable prices for such merchandise or services, and (3) that the account balance is unpaid. *See Airborne Freight Corporation v. CRB Marketing, Inc.,* 566 S.W.2d 573 (Tex.1978).

Nowhere in the affidavits offered by Conoco, does it state that the invoices or accounts are correct and accurate or just and true. The affiants merely state that true and correct *copies* of the original documents are attached, not that the originals contained information that was just and true. The affiants' statements that they have personal knowledge of the "facts stated herein" refers only to those facts laid out in the affidavits themselves. No reference is made to having personal knowledge of the information contained in the attached invoice records.

Therefore, the invoices attached to the affidavits in support of Conoco's motion for summary judgment are not competent summary judgment proof. Thus there is no evidence before us setting out an account as required by Rule 185. Consequently, Conoco has failed to prove each and every allegation of the account allegedly owed by Norcross. Summary judgment was not proper as Conoco did not establish entitlement to judgment as a matter of law.

Point of error number two is sustained. Our disposition of this cause based upon point of error number two renders a discussion of Norcross' remaining points unnecessary.

This cause is reversed and remanded for a trial on the merits.

CADENA, C.J., and BUTTS, J., concur in result.