**Opinion issued August 16, 2016**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00614-CV

————————————

## ASSET LIQUIDATION GROUP, Appellant

## V.

## DANTE WADSWORTH, Appellee

---

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Case No. 1049518**

---

## MEMORANDUM OPINION

This is an appeal from a suit to recover an unpaid credit-card debt. After ruling that business records offered as evidence were inadmissible, the trial court entered judgment that appellant Asset Liquidation Group ("ALG") take nothing on its claim.

In a single issue on appeal, ALG argues that its business-records affidavit was sufficient and the trial court erred by excluding the evidence.

We agree that the business-records affidavit satisfied the rules of evidence, and the exclusion of the documentation prevented ALG from presenting its case. Accordingly, we reverse and remand the case for a new trial.

## Background

Asset Liquidation Group was the assignee and holder of a GE Money Bank credit card account on which appellee Dante Wadsworth allegedly had defaulted. ALG sued Wadsworth for breach of contract in the justice of the peace court, which dismissed the case when both parties failed to appear for trial. ALG then appealed to the civil county court at law in Harris County for a de novo review.

ALG filed a business-records affidavit, attempting to lay a foundation to admit records to show that Wadsworth's account had been assigned to it and the amount of money that was owed. The affidavit began by stating:

1.

Before me, the undersigned authority, personally appeared Stephen Faunce, who, being by me duly sworn, deposed as follows:

2.

My name is Stephen Faunce. I am of sound mind, over the age of 18, capable of making this affidavit, personally acquainted with the facts herein stated which are true and correct.

In the affidavit, Faunce averred that he was a vice president and a records custodian for ALG. He stated that he had "personal knowledge of the account records and the record keeping method for records" relating to Wadsworth's account. He further averred:

> Attached hereto are pages of records pertaining to this credit card account and kept by Asset Liquidation Group. These pages of said records are kept by Asset Liquidation Group in the regular course of business, and it is the regular course of business of Asset Liquidation Group for an employee or representative of Asset Liquidation Group with knowledge of the act, event, condition, opinion, or diagnosis recorded to incorporate such records into the records of Asset Liquidation Group and the records were made at or near the time or reasonably soon thereafter. The pages of records attached hereto are the originals or exact duplicates of the originals.

In addition, the affidavit explained that the attached records were themselves business records of the assignor company from which the account was originally transferred to ALG.

The affidavit was signed by Faunce on behalf of Asset Liquidation Group, but the jurat was struck through, and the words "see attached" were handwritten beneath it. The attachment was a form "California All-Purpose Certificate of Acknowledgment," which stated:

> On 7/21/2014 before me, Dawn M. Dacy, Notary Public, personally appeared Stephen Faunce, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

3

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

In a part of the form labeled "Additional Optional Information," the "attached" document was identified as a "Business Records Affidavit D. Wadsworth."

When the case was called to trial before the bench, ALG offered its business records into evidence along with Faunce's business-records affidavit. Wadsworth objected on the basis that it failed to "meet the predicate of Rule 902(10)" of the Texas Rules of Evidence. In particular, Wadsworth's counsel argued that the affidavit did not indicate that Faunce, as the affiant, was testifying under penalty of perjury or that he had been sworn. The trial judge stated: "All this piece of paper says is that they signed—they signed it but there's nothing about this where they are swearing that that was true and correct. I think he is right." Wadsworth's attorney replied that he did not prepare the documents, he thought the affidavit looked "fine," and "Mr. Faunce has sworn to the affidavit as true and correct on the penalty of perjury."

The trial court disagreed, and it sustained the objection that the affidavit was defective. The judge explained: "I don't see anything in there where this has Mr. Faunce swear that what he is signing is true and correct because you have crossed that out. . . . This doesn't say it was sworn to. I think that is a substantial defect."

Although Wadsworth's attorney asked for a "reset" to obtain a new affidavit, the court denied the request and granted a take-nothing judgment in Wadsworth's favor.

ALG filed a motion for new trial, which the trial court denied. ALG appealed.

**Analysis**

In a single issue on appeal, ALG argues that the trial court reversibly erred by excluding its business records. ALG contends that its business-records affidavit was properly sworn and that the court's ruling precluded it from offering evidence in support of its claim, resulting in an improper take-nothing judgment.

We review a trial court's decision to admit or exclude evidence for abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *see also Comiskey v. FH Partners, LLC*, 373 S.W.3d 620, 630 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). We will not overturn the judgment "[u]nless the trial court's erroneous evidentiary ruling probably caused the rendition of an improper judgment." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 906 (Tex. 2000); *see also Comiskey*, 373 S.W.3d at 630; TEX. R. APP. P. 44.1(a)(1).

To prove its case, ALG proffered records of Wadsworth's defaulted GE Money Bank account, which it had obtained by assignment and which formed the basis of the lawsuit. Standing alone, these documents would be inadmissible hearsay to the extent they were offered to prove the truth of the matter asserted, the amount of money owed by Wadsworth. *See* TEX. R. EVID. 801, 802. Business records that

otherwise would be considered hearsay nevertheless may be admissible under an exception to the hearsay rule. *See* TEX. R. EVID. 803(6). Records of regularly conducted activity are one such exception, and include a record "made at or near the time by—or from information transmitted by—someone with knowledge" of the events or conditions recorded, so long as there is proof at trial that the record "was kept in the course of a regularly conducted business activity" and made in the "regular practice of that activity." *Id.* When business records are offered as proof, they are presumed to be trustworthy unless the opponent demonstrates "that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." *Id.* Such a showing defeats admissibility. *See id.*

Documents created by one entity may be admissible as business records of another entity if: (a) the documents are compiled and kept in the course of the affiant's business; (b) that business typically relies upon the accuracy of the contents of the documents; and (c) the circumstances otherwise indicate the trustworthiness of the documents. *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 240–41 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Faunce, the affiant, was custodian of the records, and by virtue of work responsibilities and duties, he was familiar with the record keeping methods for the records relating to Wadsworth's account. In the affidavit, Faunce attested that the records attached were originals or exact duplicates of the originals. He averred that

6

the records were made at or near the time of the event or condition recorded, incorporated into ALG's records, and compiled and kept in the regular course of ALG's business. The affidavit stated that it was "the regular course of business" for an employee or representative with knowledge of the event to incorporate the records into ALG's records. In addition, Faunce confirmed that ALG relied on the accuracy of the contents of the documents when acquiring the account and that the circumstances indicated the trustworthiness of the documents because the original creditor from whom ALG acquired the account was required to keep careful transactional records or suffer potential civil or criminal liability.

The trial court determined that the affidavit had not been sworn because the jurat had been struck through and the attached California All-Purpose Certificate of Acknowledgement only had the notary swear under penalty of perjury that the affiant had provided evidence that he was who he claimed to be. On this basis, the court excluded the evidence.

The statutory requirements for an affidavit are found in the Government Code, which defines an affidavit as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." TEX. GOV'T CODE § 312.011(1); *Ford Motor Co. v. Leggat*, 904 S.W.2d 643, 645–46 (Tex. 1995). "A jurat is a certification by an authorized officer, stating that the writing was sworn to

7

before the officer." *Mansions in the Forest, L.P. v. Montgomery Cty.*, 365 S.W.3d 314, 316 (Tex. 2012). Often an affidavit will include a jurat as proof of compliance with statutory requirements to be made under oath and before an authorized officer. *Id.* at 316–17. But a jurat is not a statutory requirement of an affidavit. *Id.* at 316. To meet the requirements of the Government Code, the record must contain some evidence that the purported affidavit was sworn to by the affiant before an authorized officer. *Id.* at 317. If it does not, the written statement is not an affidavit. *Id.*

For example, in *Petroleum Analyzer Co. LP v. Olstowski*, No. 01-09-00076-CV, 2010 WL 2789016 (Tex. App.—Houston [1st Dist.] July 15, 2010, no pet.) (mem. op.), the appellant argued that an attorney's fees affidavit was defective because it had not been sworn to before a notary public. *Petroleum Analyzer*, 2010 WL 2789016, at *18. That affidavit began by stating: "Before me, the undersigned authority, personally appeared," followed by the name of the affiant. *Id.* at *19. This court held that this showed that the affiant's written statement was sworn before a notary, who had signed the written statement and officially certified it under her seal of office. *Id.* As such, the court held that the objection lacked merit. *Id.*

Similarly, in *Norcross v. Conoco, Inc.*, 720 S.W.2d 627 (Tex. App.—San Antonio 1986, no writ), the appellee argued that the appellant's affidavit was not sworn and did not include the words "subscribed and sworn to before me . . . the undersigned notary." *Norcross*, 720 S.W.2d at 630. The court of appeals held that

8

the affidavit was sufficient because it "expressly" stated that the affiant had been "duly sworn." *Id.*

The business-records affidavit proffered at trial by ALG was a written statement of facts signed by Faunce. Paragraph 1 of the affidavit stated: "Before me, the undersigned authority, personally appeared Stephen Faunce, who, being by me duly sworn, deposed as follows . . . ." As in *Petroleum Analyzer* and *Norcross*, this language is evidence that Faunce was sworn. Attached as part of the business-records affidavit was a one-page form California All-Purpose Certificate of Acknowledgement. That page was signed by Dawn Dacy, as notary public. Under the California Code of Civil Procedure, a notary public is authorized by law to administer oaths. CAL. CIV. PROC. CODE § 2093. Dacy signed the acknowledgment under penalty of perjury and affixed her notarial seal to it. Thus the affidavit was sworn before an officer authorized to administer oaths, and officially certified by the officer under her seal of office. *See* TEX. GOV'T CODE § 312.011(1).

Nevertheless, Wadsworth asserts that the court did not err by excluding the proffered affidavit because the business-records exception to the hearsay rule is itself predicated on the information in the business records being trustworthy. *See* TEX. R. EVID. 803(6). Wadsworth argues that the irregularities regarding whether Faunce was sworn when he made his affidavit "certainly would more than indicate . . . the

lack of trustworthiness." In light of our analysis that the affidavit was sworn, this argument fails.

We will reverse for the erroneous exclusion of evidence when the appellant shows that the error probably caused the rendition of an improper judgment. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). We review the entire record and consider the role the excluded evidence played in the context of trial. *Id.* If erroneously excluded evidence was crucial to a key issue, the error likely was harmful. *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008).

The excluded business records were crucial to the central issue in this case—the alleged breach of contract and amount of money Wadsworth allegedly owed. Immediately after concluding that the affidavit was defective and refusing to allow for a new one to be obtained, the trial court announced her intention to grant a take-nothing judgment in favor of Wadsworth. Thus ALG was prevented from introducing any other evidence. The excluded business records are part of the appellate record because they were filed with the trial court clerk and with this court as part of the clerk's record on appeal. Because the excluded evidence is properly before this court, we are able to review it, and we conclude that it was crucial to a key issue.

Wadsworth argues that ALG waived error by failing to make an offer of proof of the excluded evidence. Specifically, he contends that there was a lack of proof that the notary actually "swore the affiant in" or that "the notary even certified the affiant's oath." This argument misconstrues what is required to make an offer of proof. "A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party and . . . if the ruling excludes evidence, a party informs the court of its substance by an offer of proof, unless the substance was apparent from the context." TEX. R. EVID. 103(a)(2). The proof that Wadsworth suggests was lacking related to the mechanics of preparing a self-authenicating business-records affidavit, not "the substance" of the excluded evidence. As discussed above, the complete substance of the excluded evidence at issue had been filed with the trial court before trial, and its content was readily apparent from context.

We have concluded that the affidavit was sworn, and in light of that holding, we further hold that the erroneous exclusion of the evidence in this case was harmful error.

We sustain ALG's sole issue.

11

## Conclusion

We reverse the judgment of the trial court, and we remand this case to the trial court for a new trial.

Michael Massengale
Justice

Panel consists of Justices Higley, Bland, and Massengale.